UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ADAMS COUNTY, MISSISSIPPI                                                                          PLAINTIFF

v.                                                                        CIVIL ACTION NO. 5:12-CV-145-DPJ-FKB

DIVERSIFIED COMPUTER SYSTEMS OF NO.
CHAS., INC. and ANGIE BROWN, individually
and in her former capacity as Sheriff of Adams
County,                                                                                                         DEFENDANTS

ORDER

This contract case is before the Court on Plaintiff Adams County's Motion to Remand [33] and Defendant Angie Brown's Motion to Dismiss [35]. Because the Court concludes that Plaintiff has no reasonable possibility of recovery against the non-diverse defendant, the motion to remand is denied and the motion to dismiss the non-diverse defendant as a party is granted.

I.     Facts and Procedural History

Defendant Angie Brown served as interim sheriff of Adams County in 2009. During her term, Brown entered into a contract for software for the Sheriff's Department on behalf of Adams County with Diversified Computer Systems of No. Chas., Inc. (DCS). According to Adams County, Brown did not receive authorization from the Board of Supervisors of Adams County or spread the agreement upon the official minutes of the Board before entering into the contract. Adams County also alleges that Brown was employed by DCS before and after her term as interim sheriff.

Adams County claims the software was never fully installed and did not function properly. The Board notified DCS by letter in November 2010 of the alleged problems and then terminated their agreement in March 2011, demanding a full refund.

Adams County filed a complaint naming Brown and DCS as defendants in the Chancery Court of Adams County in August 2012. The complaint alleges that the contract was executed under a conflict of interest and states claims for a declaratory judgment that the contract is void, breach of contract, breach of express warranty, and breach of implied warranty of fitness for a particular purpose. DCS removed the case to this Court in October 2012 based on diversity jurisdiction. In September 2013, the Court noted that there was not complete diversity between all plaintiffs and defendants and issued an order to show cause why the case should not be remanded. Adams County filed a motion to remand, DCS responded, and Adams County waived rebuttal. Brown filed a motion to dismiss her as a party under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 21, DCS joined in Brown's motion, but Adams County never responded to either pleading. The time for response has now passed.

II.     Standard of Review

   A.     Motion to Remand

Defendants premise federal jurisdiction on 28 U.S.C. § 1332, under which the district courts have jurisdiction over civil actions between "citizens of different States." 28 U.S.C. § 1332(a)(1). The diversity statute requires complete diversity between all named plaintiffs and all named defendants. *E.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). The fraudulent or improper joinder rule "is a narrow exception to the rule that diversity jurisdiction requires complete diversity." *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). To that end, "[t]he burden of demonstrating improper joinder is a heavy one and is placed upon the party seeking removal." *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). In evaluating a claim

of improper joinder, the "appropriate test is whether there is any reasonable basis for predicting the plaintiffs might be able to recover against . . . the in-state defendant." *Jones v. Gen. Motors Corp.*, No. 3:06cv608-DPJ-JCS, 2007 WL 1610478, at *1 (S.D. Miss. June 1, 2007) (quoting *Love v. Ford Motor Co.*, 212 F. App'x 292, 294 (5th Cir. 2006)). But "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 n.9 (5th Cir. 2004) (en banc) (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)). "Whether the case was properly removed is determined by reference to the allegations in a plaintiff's state court pleading." *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir. 1979) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). *See also Gardner v. Cooksey*, 2:11-cv-255-KS-MTP, 2012 WL 968026 at *2 (S.D. Miss. Mar. 21, 2012) ("This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the resident defendant.") (citations omitted).

A district court should ordinarily resolve an improper joinder claim by conducting Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573. The Court "must then evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Similarly, the Court must resolve all ambiguities in controlling state law in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (citations omitted). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not

improperly joined." *Randle v. Smithkline Beecham Corp.*, 338 F. Supp. 2d 704, 708 (S.D. Miss. 2004) (citing *Badon*, 224 F.3d at 392–93). Finally, "there are cases, hopefully few in number, in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. In such cases, the district court has the discretion to "pierce the pleadings" and conduct a summary inquiry. *Id.*

B.  Motion to Dismiss

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements."

*In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

III.     Analysis

Adams County claims that this case must be remanded because (1) Defendant Brown never joined in the removal; and (2) Brown is a non-diverse defendant.  Pursuant to 28 U.S.C. § 1447(c), the County had 30-days to seek remand based on procedural defects in removal.  Lack of joinder is a procedural defect that can be, and in this case has been, waived.  *See Palermo v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 504–05 (S.D. Miss. 2008).[1]  But Brown's citizenship relates to the Court's subject-matter jurisdiction and may be raised outside the 30-day window.  *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991).  That argument must be considered on its merits.[2]

"Whether the case was properly removed is determined by reference to the allegations in a plaintiff's state court pleading."  *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir. 1979).  Here, the complaint states claims for declaratory judgment that the contract is void, breach of contract, breach of express warranty, and breach of implied warranty of fitness for a particular purpose.  The only claim that arguably involves Brown is the claim for declaratory judgment that the contract is void under Mississippi Code Annotated § 25-4-105 and Article 4, § 109 of the Mississippi Constitution.  The Mississippi Constitution and Ethics in Government Act restrict the interests a public servant can have in a government contract or business contracting with the

---

[1]This argument would have failed anyway because nominal parties need not join.

[2]DCS's authority on this point, *Lincoln Property Co.*, is distinguishable because it deals with diverse in-state defendants and not in-state non-diverse defendants.  546 U.S. at 90 n.6.

government.  *See* Miss. Const. art. 4, §109; Miss. Code Ann. § 25-4-105.  The Act states, "[a]ny contract made in violation of this section may be declared void by . . . a court of competent jurisdiction."  Miss. Code Ann. § 25-4-105(6).  A separate provision of the Act then permits an injured governmental entity to bring a separate civil action for recovery of damages against a public servant.  Miss. Code Ann.  § 25-4-113.

Though § 25-4-113 could allow recovery from Brown, no such recovery is sought in the complaint.  *See Tedder*, 590 F.2d at 116 (observing that jurisdiction is based on allegations of complaint).  Adams County's state-court complaint neither mentions § 25-4-113 nor seeks damages from Brown pursuant to it.  Instead, the only reference to Brown in the prayer for relief is the request for an order voiding the contract.  Such an order would relieve Adams County of its obligations vis-a-vis DCS, but it would not entitle Adams County to recover anything from Brown.  Adams County likewise never invokes § 25-4-113 in its remand motion, and it has otherwise failed to articulate a legitimate reason to remand this matter.  So accepting all well-pleaded facts as true and applying a 12(b)(6)-type analysis, the Court finds that there is no reasonable basis to predict that Adams County might be able to recover from Brown.[3]

---

[3] The improper-joinder theory will sometimes "dovetail" with the treatment afforded nominal or formal parties.  *Gutierrez v. La Joya Indep. Sch. Dist.*, No. M–12–266, 2012 WL 5464957, at *3 (S.D. Tex. Nov. 8, 2012).  "When considering whether there is diversity jurisdiction, 'a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'"  *KeyBank Nat'l Ass'n v. Perkins Rowe Assocs., L.L.C.*, — F. App'x —, 2013 WL 4446820, at *1 (5th Cir. Aug. 21, 2013) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)).  "Whether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable . . . ."  *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (internal quotations omitted).  In this case, Adams County seeks to void the contract and obtain contract related damages from DCS.  It can obtain that relief without Brown, rendering her a nominal or formal party whose citizenship must be disregarded.

IV.     Conclusion

Because Brown is not a proper party to this lawsuit, complete diversity between the parties exists, and the Court has jurisdiction under 28 U.S.C. § 1332.  Adams County's motion to remand [33] is therefore denied.  Adams County never responded to Brown's motion to dismiss her as a party [35], and that motion is granted.

**SO ORDERED AND ADJUDGED** this the 26th day of November, 2013.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE